# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

KENNETH BANKS and SHAKIMA
THOMAS BANKS,

    Plaintiffs,

v.                                            Case No: 5:17-cv-36-Oc-30PRL

NATIONSTAR MORTGAGE and
SENTRY MANAGEMENT, INC.,

    Defendants.
_____

## ORDER

Kenneth and Shakima Banks filed a *pro se* Complaint (Doc. 1) against Nationstar Mortgage and Sentry Management, Inc. The Complaint is best described as a narrative of events for which Plaintiffs seek to hold Defendants liable. Sentry Management moves to dismiss the Complaint for failing to comply with the Federal Rules of Civil Procedure. Because the Complaint is improper, the Court concludes it should be dismissed without prejudice and that Plaintiffs should be allowed to correct the deficiencies.

## DISCUSSION

In reviewing a *pro se* complaint, courts must hold the *pro se* pleading to a less stringent standard and must construe the complaint liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." (citation omitted)). Although courts afford liberal construction to *pro se*

litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

The Complaint must be dismissed because it does not follow the rules governing pleadings.[1] Specifically, the Complaint does not satisfy Rules 8(a) or 10(b). These rules provide as follows:[2]

> **Rule 8. General Rules of Pleading**
> **(a)** **Claim for Relief.** A pleading that states a claim for relief must contain:
>   **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>   **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>   **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.
> …
> **Rule 10. Form of Pleadings**
> …
> **(b)** **Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

---

[1] The Court did not wait for the Bankses to respond to Sentry Management's Motion to Dismiss (Doc. 7) because any response would be futile.

[2] The Bankses can download all of the Federal Rules of Civil Procedure online at http://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Fed. R. Civ. P. 8(a) and 10(b). The Complaint contains no numbered paragraphs, does not set out separate claims, and does not state what remedy Plaintiffs seek. So the Complaint must be dismissed.

While the Complaint is being dismissed, the Court concludes Plaintiffs should be given an opportunity to file an amended complaint. But the Court warns Plaintiffs that failure to abide by the Federal Rules of Civil Procedure a second time could result in the case being dismissed with prejudice. *Kennedy v. Bell S. Telecommunications, Inc. (AT&T)*, 546 F. App'x 817, 820 (11th Cir. 2013).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant Sentry Management, Inc.'s Motion to Dismiss (Doc. 7) is GRANTED.

2. The Complaint (Doc. 1) is DISMISSED without prejudice.

3. Plaintiffs have thirty (30) days from the date of this Order to file an amended complaint. Failure to do so will result in this case being closed.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of February, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record